Sneed, J.,
delivered the opinion of the court.
The action is on a guaranty by defendant of the payment of a judgment assigned by him to the plaintiff, and the defence is that the plaintiff by his laches has lost his right of action against the guarantee, by pretermitting his remedy against the defendants to the judgment, who have now become insolvent. The facts are, that N. N. Irvine the defendant in this action, had judgment by confession, on the 20th day of November, 1860, before a justice of the peace, for $490 against one P. B. Winston, which was stayed *426 by one Samuel Irvine. On the 15th day of January, 1861, he sold and transferred this judgment to the plaintiff Brasfield and wrote and subscribed his name to an assignment of said judgment opposite the same on the justices docket, in the words following:
For value received I assign the within judgment to C. J. A. Brasfield, and guarantee the payment for the same. N. N. InviNE.
It was proven on the trial, that at the date of the guaranty Winston, the judgment debtor, lived in Kentucky, where he continued to reside, until his death, and that he had a good property in that State, and that Samuel Irvine, the stayor, resided at that time and continued to reside until his death, in the county of Weakley, where these transactions occurred and where this action was brought. It was also shown that after the month of June, 3861, in consequence of the civil war then flagrant, the courts were closed in said county of Weakley and that debts could not be collected by process of law, and that this state of things continued until the State government was reorganized in 1865.
On the 13th day of November,. 1865, an execution was taken out upon this judgment and was handed by N. N. Irvine the defendant, to an officer, who levied the same on a lot of cotton as the property of the defendant Winston, sufficient to satisfy the judgment. The officer making the levy states that after the levy, one A. M. Boyd, a brother-in-law of defendant Winston, claimed the cotton and admonished him not to sell it, whereupon he demanded *427 a bond of indemnity from both the plaintiff and defendant in this action, the guarantor and guarantee, which both declined to give, and he thereupon abandoned the levy. The court charged the jury in the words following: “ If you find from the evidence that the defendant N. N. Irvine executed the guaranty sued on, and that the defendants in the judgment transferred, failed to pay the same at the expiration of the stay, then the plaintiff's right of action accrued and he would be entitled to recover, unless it appears from the evidence that the judgment has been paid or satisfied.”
The defendant asked instructions as follows: “That if at the time of said guaranty it should appear that Winston was a citizen of Kentucky, before he would be entitled to recover upon the guaranty, the plaintiff must show that he used due diligence to collect the judgment from Winston. That it was the duty of the plaintiff at the expiration of the stay to have taken out execution on said judgment against Winston the principal, and Samuel Irvine the stayor, and endeavor to collect the same, and if he failed so tp do and the money could have been collected out of said defendants, then the jury should find for the defendant.” The defendant asked the further instruction that if an execution issued on said judgment in November, 1865, and was levied on the property of Winston sufficient to pay the same, and if the property then levied upon was never replevied or taken from the officer and no legal disposition thereof made, they should find for the defendant.
*428 The court declined to give these instructions and the verdict and judgment were for the plaintiff, from which the defendant appealed in error. We see no error in the charge or in the ruling of the court upon the instruction demanded by the defendant. The charge proceeds upon the idea that the guaranty is absolute, and of this opinion is the court. A guaranty is to be distinguished from a suretyship; the one being a secondary the other a primary obligation. The guarantor undertakes that the debtor shall pay, the surety that the debt shall be paid. So that the same strictness is not required to charge an absolute guarantor as to charge a surety or endorser.
This being therefore an absolute guaranty — a positive and unconditional undertaking that the debtor should pay the judgment to the assignee — it devolved upon the guarantor to see to it that the obligation thus assumed by him should be discharged, and the rule of diligence applicable to a guaranty of the collection of the note, or solvency of the parties to negotiable paper, do not apply so long as the original contract between the parties, and their relation to each other remain unchanged. Certainly an absolute guarantor might be discharged by a novation of the debt, or by any substantive arrangement between the guarantor and the original party, injurious in its results to the guarantor. But mere inaction on the part of the guarantee will not have this effect. He reposes upon his absolute guaranty : nd the l uarantor must see to it that the judgment is paid.
These principles apply alike to the absolute guar *429 anty of judgments as of other instruments, and they apply to the case now in judgment. The defendant having without condition guaranteed that the judgment would be paid, the substantive right of action against him accrued to the plaintiff at the moment the stay of execution expired.
It was not incumbent on the plaintiff to enforce it out of the original defendants as in a case of guaranty of solvency or collectibility, but he could revert at once to his right of action on the covenant of the absolute guarantor. In accordance with this view it was not the plaintiff's business to indemnify the officer in the sale of the property levied on. The officer certainly had the right under the statutes to demand bond before selling disputed property, and whatever may be the effect of his abandonment of the levy, as between the original parties to the judgment, the plaintiff could not be affected by it, as his remedy is upon the guaranty and not upon the original demand.
Affirm the judgment.